UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAR 22 2007
U.S. COURT OF FEDERAL CLAIMS

JOHN ANDERSON FARMS, INC.,
BUCKINGHAM FAMILY TRUST,
EILEEN BUCKINGHAM,
KEITH BUCKINGHAM,
SHELLY BUCKINGHAM,
CONSTANCE AND JOHN FRANK,
JEFF AND SANDRA HUNTER,
HILL LAND & CATTLE CO., INC.,
McVAY FARMS, INC.,
BARBARA McVAY,
MATTHEW K. McVAY,
MICHAEL McVAY,
RONALD McVAY,
SUZAN McVAY,
TATIANA V. McVAY,
HENRY AND PATRICIA O'KEEFFE,
SHASTA VIEW PRODUCE, INC., AND
EDWIN STASTNY, JR.,

Plaintiffs,

vs.

UNITED STATES,

Defendant.

COFC No. 07-194 C

**COMPLAINT**

1. Plaintiffs are twenty-one agricultural landowners who own farmland in the Klamath Basin located on the Oregon and California line.

2. Defendant is the United States of America acting through the Bureau of Reclamation, Department of the Interior ("BOR" or "the Bureau").

3. This suit arises out of the BOR's actions which resulted in the breach of irrigation contracts it entered to irrigate the various farmlands owned by landholder plaintiffs.

4. The landowners whose farmland is irrigated pursuant to those contracts are the real party in interest for those contracts.

**Background**

5. On or about April 2001, the water from the irrigation systems designed to water plaintiffs' farmlands was shut off by the Bureau on the basis that this action was purportedly necessary to protect species listed under the Endangered Species Act ("ESA").

6. As a direct result of this action, plaintiffs' existing crops were damaged and/or plaintiffs had a smaller yield than reasonably anticipated in the 2001 growing season.

7. The government's action in shutting off the water was based on incorrect scientific conclusions.

8. The Bureau itself has stated that it did not have the discretion under the contracts to shut off the water. Therefore, this action was not authorized by the contracts.

9. By preventing the irrigation of plaintiffs' farmland, the federal government breached the contracts it had entered into for this purpose which directly caused the plaintiffs' damages outlined above.

## COUNT I

10. The United States Court of Federal Claims has jurisdiction over this claim pursuant to the Contract Disputes Act ("CDA"), 41 U.S.C. § 609.

11. Between August 12, 2003, and March 9, 2004, plaintiffs, Buckingham Family Trust, Eileen Buckingham, Keith Buckingham (individually and as trustee), Shelley Buckingham (individually and as trustee), John and Constance Frank, Sandra and Jeff Hunter, Hill Land & Cattle Co., LLC, the O'Keeffe Family Trust 1983, McVay Farms, Inc., Shasta View Produce, Inc., Ronald McVay, Barbara McVay, Michael McVay, Suzan McVay, Matthew K. McVay, and Tatiana McVay, filed claims under the CDA with the contracting officer, Kirk C. Rodgers, at the Bureau of Reclamation.

12. The CDA, 41 U.S.C. § 605(c)(5), provides that any failure of a contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the contracting officer denying the claim and will authorize the commencement of the appeal or suit on the claim.

13. Far more than the 60 days allotted in which to issue a decision on these claims has elapsed and therefore the claims are deemed denied pursuant to 41 U.S.C. § 605(c)(5).

14. As a result of defendant's breach, plaintiffs incurred the following damages:

A. Plaintiffs Buckingham Family Trust, Keith Buckingham, Shelly Buckingham, and Eileen Buckingham incurred damages totaling $869,459.

B. Plaintiffs John and Constance Frank and Sandra and Jeff Hunter incurred damages totaling $455,346.

C. Plaintiffs McVay Farms, Inc., Shasta View Produce, Inc., Ronald McVay, Barbara McVay, Michael McVay, Suzan McVay, Matthew K. McVay, and Tatiana McVay incurred damages totaling $7,143,964.57.

D. Plaintiff Hill Land & Cattle Co., Inc. incurred damages totaling $258,621.

E. Plaintiffs Henry and Patricia O'Keeffe incurred damages totaling $251,694.

**COUNT II**

15. Plaintiffs repeat and reallege the allegations in paragraphs 1-9 as if set forth fully herein.

16. In the alternative, the United States Court of Federal Claims has jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491, which provides for a Federal Court to have jurisdiction to render judgment upon any claim against the United States founded upon a contract with the United States.

17. For the 2001 growing season, plaintiffs incurred the following damages:

A. Plaintiff John Anderson incurred damages totaling $294,220.

B. Plaintiffs Buckingham Family Trust, Keith Buckingham, Shelly Buckingham, and Eileen Buckingham incurred damages totaling $869,459.

C. Plaintiffs John and Constance Frank and Sandra and Jeff Hunter incurred damages totaling $455,346.

D. Plaintiffs McVay Farms, Inc., Shasta View Produce, Inc., Ronald McVay, Barbara McVay, Michael McVay, Suzan McVay, Matthew K. McVay, and Tatiana McVay incurred damages totaling $7,143,964.57.

E. Plaintiff Hill Land & Cattle Co., Inc. incurred damages totaling $258,621.

F. Plaintiffs Henry and Patricia O'Keeffe incurred damages totaling $251,694.

G. Plaintiff Edwin Stastny, Jr., incurred damages totaling $752,142.

**COUNT III**

18. Plaintiffs repeat and reallege the allegations in paragraphs 1-9 as if set forth fully herein.

19. Additionally and in the alternative defendant's actions constitutes a taking without just compensation.

20. The Court of Federal Claims has jurisdiction pursuant to 28 U.S.C. § 1491, which provides that a federal court has jurisdiction to render judgment upon any claim against the United States founded upon a contract with the United States.

21. All of the water rights described herein are appurtenant to land, and are recognized as property under the laws of the states of Oregon and California, respectively. Such property rights may not be taken for public use without payment of just compensation.

22. By reason of the acts of Defendant United States as herein alleged, the water rights of plaintiffs have been taken for public use.

23. Defendant has failed and refused, and continues to fail and refuse, to pay to plaintiffs just compensation for the taking of their water rights, all in violation of the Fifth Amendment to the United States Constitution which provides, in part: "[N]or shall private property be taken for public use, without just compensation." U.S. CONST. AMEND V.

24. As a direct and proximate result of the acts of defendant, plaintiffs have been damaged in an amount totaling $10,025,446.57.

25. As a direct and proximate result of the taking of their water rights without just compensation, plaintiffs have been required to and have retained the services of counsel to prosecute this action. Plaintiffs have and will incur attorney's fees, expert witness fees, and costs and expenses of doing litigation in an amount as yet unascertained. Plaintiffs will seek leave of this Court to amend this complaint to conform to proof of such amounts at trial.

26. As a direct and proximate result of the acts of defendant, plaintiffs have been severely damaged in their ability to conduct their farming businesses; therefore, they are entitled to recover compound interest from the date of the taking to the date of final payment of just compensation.

WHEREFORE, plaintiffs respectfully request that this Court:

(a) find that the defendant breached its contracts with the plaintiffs and/or that defendant's actions amount to a taking without just compensation;

(d) grant plaintiffs the damages each incurred; and

(e) grant plaintiffs such further relief as this Court deems just and proper.

Respectfully submitted,

Alan Saltman
SALTMAN & STEVENS, P.C.
Suite M-110
1801 K Street, N.W.
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiffs

Dated: March 22, 2007