# In The United States Court of Federal Claims

No. 07-194C

(Filed: May 30, 2007)

JOHN ANDERSON FARMS, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**ORDER**

The complaint in this action lists 21 separate plaintiffs, including four corporations, one trust, and seventeen individuals, who allege certain property rights in Klamath Project water. Plaintiffs are located in both Oregon and California. The claims asserted by plaintiffs vary in several potentially material respects – notably, the source of each plaintiff's alleged property/contractual right to Klamath Project water.

This court has previously engaged in a detailed analysis of joinder under Rules of the Court of Federal Claims (RCFC) 19(a) and 20(a). *See Franconia Associates v. United States*, 61 Fed. Cl. 335 (2004); *Klamath Irr. Dist. v. United States*, No. 01-591L (Fed. Cl. April 21, 2005). Based upon the circumstances of plaintiffs here, and upon the interpretation of this court's joinder rules set forth in *Franconia Associates* and *Klamath*, the court concludes that plaintiffs in this case are improperly joined. In short, while the claims of these individuals obviously share common legal and factual questions, they do not meet the transactional test set forth in RCFC 20(a).

RCFC 21 allows the court to raise this issue *sua sponte* at any stage in the proceedings. Under that same rule, if a party is improperly joined, the proper remedy is not to dismiss the case entirely, but rather to drop the improper parties "on such terms as are just." *See* 7 Wright, Miller & Kane § 1684, at 484.

Based on the foregoing:

1. The Clerk is ordered to sever the claims of the following plaintiffs from that of John Anderson Farms, Inc.: Buckingham Family Trust, Eileen Buckingham, Keith Buckingham, Shelly Buckingham, Constance Frank, John Frank, Hill Land & Cattle Co., Inc., Jeff Hunter, Sandra Hunter, McVay Fams, Inc., Barbara McVay, Matthew K. McVay, Michael McVay, Ronald McVay, Suzan McVay, Tatiana V. McVay, Henry O'Keeffe, Patricia O'Keeffe, Shasta View Produce, Inc., and Edwin Stastny, Jr.

2. The Clerk shall treat the claims of each of these plaintiffs as separate actions and shall assign separate docket numbers to each case, beginning with the number "07-194C."

3. Pursuant to RCFC 42, these newly-created cases shall be consolidated for all purposes with *John Anderson Farms, Inc. v. United States*, 07-194C, unless otherwise ordered by the court, and all future filings in this matter shall be filed under the consolidated caption, unless otherwise ordered by the court.

4. This order does not require the parties to file or refile any additional documents in the newly-created cases, the dockets and records of which shall be deemed to include any prior filings in this action.

5. On or before June 29, 2007, plaintiffs' counsel shall remit to the court the filing fees for the newly-created cases, which are due pursuant to RCFC 77.1( c).

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge