**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JOHN ANDERSON FARMS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 07-194C |
| | ) | (Judge Allegra) |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR JOINDER**

As directed by the court's order of June 15, 2007, plaintiffs file this motion for permissive joinder pursuant to Rule 20 of the Court of Federal Claims.

On May 30, 2007, the Court severed the claim of the lead plaintiff, John Anderson Farms, Inc., from the claims of all other plaintiffs. The Court further ordered the Clerk to assign case numbers to the severed claims and to consolidate the new cases with the above-referenced case. (Order of May 30, 2007.) By letter of June 6, 2007, plaintiffs requested that the Clerk create four new cases and to place the claims of the severed plaintiffs into one of the four cases as indicated therein. Plaintiffs also remitted filing fees sufficient for the four cases. The purpose of doing so was to avoid the judicial inefficiencies that the creation of 20 new cases would cause while ensuring that each of the new cases met the transactional test of RCFC 20(a). However, by order of June 15, 2007, the Court stated that plaintiffs' letter was an unacceptable method of

requesting joinder and ordered payment of the filing fees for all twenty severed plaintiffs or the filing of a motion for joinder.[1]

As the Court is aware, permissive joinder is appropriate where (1) the plaintiffs assert a right to relief jointly, severally or in the alternative arising out of the same transaction or occurrence and (2) there is at least one question of law or fact common to all of the parties. See RCFC 20(a); Franconia Assoc. v. United States, 61 Fed. Cl. 335, 336 (2004). Here, the Court has already found that the plaintiffs "obviously share common legal and factual questions." (Order of May 30, 2007.) Therefore, this motion will only address whether a proposed joinder of the various plaintiffs into four cases satisfies the transactional test of RCFC 20(a).

There is no "generalized test for ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of [FRCP] 20, the courts seem to have adopted a case-by-case approach." 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, FEDERAL PRACTICE & PROCEDURES § 1653 (3rd ed.). Although, the Court of Federal Claims does require that the claims be the "same" as distinguished from being merely "similar." See Franconia Assoc., 61 Fed. Cl. at 337. A transaction or occurrence is the same "if it involves a single event or a related series thereof." Id. at 336. For breach of contract claims, joinder is proper if the claims arise out of the same contract. See id. and cases cited therein.

[1]The Court also ordered the Clerk to return Plaintiffs' letter. (Order of June 15, 2007.) Plaintiffs note that although the Clerk did so, the Clerk retained the filing fees remitted for the four proposed cases (a sum of $1,000). Plaintiffs, therefore, anticipate that the Clerk will credit the filing fees retained towards any filing fees required as a result of the Court's decision on this motion.

In the present case, the United States entered into separate contracts for the delivery of water with Klamath Irrigation District, the Malin Irrigation District, the Shasta View Irrigation District and the Tulelake Irrigation District. Each of the plaintiffs here received water under one or more of these contracts, giving rise to both contractual and property rights. All of the contracts were breached in April 2001 by the United States' refusal to deliver the water it was obligated to provide in order to comply with the Endangered Species Act. Though not every plaintiff was injured by the breach of the same contract, various plaintiffs were injured by the breach of the same contract or series of contracts.

Specifically, plaintiffs Buckingham Family Trust, Keith Buckingham, Shelly Buckingham, and Eileen Buckingham all received water distributed under the United States' contract with the Tulelake Irrigation District and all are bringing their claims to enforce their rights arising under that contract.

Plaintiffs John and Constance Frank, Sandra and Jeff Hunter, Hill Land & Cattle Co., Inc., and Henry and Patricia O'Keeffe all received water distributed under the United States' contract with the Klamath Irrigation District and all are bringing their claims to enforce their rights arising under that contract.

Plaintiffs McVay Farms, Inc., Shasta View Produce, Inc., Ronald McVay, Barbara McVay, Michael McVay, Suzan McVay, Matthew K. McVay, and Tatiana McVay all received water distributed under a series of contracts between the United States and the Klamath Irrigation

District, Malin Irrigation District, Shasta View Irrigation District and Tulelake Irrigation District and all are bringing their claims to enforce their rights arising under that series of contracts.

Plaintiff Edwin Stastny, Jr. received water distributed under the United States' contract with the Malin Irrigation District and is bringing his claim to enforce his rights arising under that contract.

Because the plaintiffs within each of the four groups described all were injured by the breach of the same contract or series of contracts and all plaintiffs allege their respective contracts were breached by the same act of the United States, their respective claims arise out of the same transaction or occurrence. See id. Permissive joinder of the plaintiffs into the four groups discussed is therefore proper under RCFC 20(a). See id.

Wherefore, plaintiffs respectfully request that the Court order the claims of the severed plaintiffs be joined into the following four groups and that it order the Clerk to create the corresponding cases:

1. Plaintiffs Buckingham Family Trust (07-19401), Eileen Buckingham (07-19402), Keith Buckingham (07-19403), and Shelly Buckingham (07-19404).

2. Plaintiffs Constance Frank (07-19405), John Frank (07-19406), Hill Land & Cattle Co., Inc. (07-19407), Jeff Hunter (07-19408), Sandra Hunter (07-14909), Henry O'Keeffe (07-19417), and Patricia O'Keeffe (07-19418).

3. Plaintiffs McVay Farms, Inc. (07-19410), Barbara McVay (07-19411), Matthew K. McVay (07-19412), Michael McVay (07-19413), Ronald McVay (07-19414), Suzan McVay (07-19415), Tatiana McVay (07-19416), and Shasta View Produce, Inc. (07-19419).

4. Plaintiff Edwin Stastny, Jr. (07-19420).

As noted, a filing fee sufficient to cover the cost of these four new cases has already been paid.

Upon the creation of these four new cases, plaintiffs further request that the Court consolidate all of the cases with that of the lead case, John Anderson Farms, Inc. v. U.S., 1:07-cv-00194, pursuant to the Court's order of May 30, 2007.

Respectfully submitted,

s/Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Attorney for Plaintiffs

Dated: June 29, 2007