IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN ANDERSON FARMS, INC., et al. | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-194C |
| | ) | (Judge Allegra) |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR JOINDER

For the reasons explained below, defendant, the United States, does not oppose plaintiffs' motion for joinder.

On March 22, 2007, plaintiffs filed a complaint that listed 21 separate plaintiffs. By Order dated May 30, 2007, this Court directed the Clerk to sever the plaintiffs' claims and to file them as separate cases, consolidated with this action. The Court also ordered plaintiffs to remit the filing fees required for these cases. After the Clerk complied with the Court's Order, plaintiffs sought to have the severed cases consolidated into four groups of cases. On June 15, 2007, this Court ordered plaintiffs to seek such relief by motion. Thereafter, on June 29, 2007, plaintiffs filed the pending motion for joinder.

In its May 30, 2007 Order, this Court determined that plaintiffs' complaint failed to comply with Rule 20(a) of the Rule of the Court of Federal Claims ("RCFC") because it joined in one action claims of plaintiffs that share common legal and factual issues but do not meet the transactional test set forth in RCFC

20(a).[1] In their present motion, plaintiffs assert that they may satisfy the requirements of RCFC 20(a) by organizing the severed cases into four groups based upon the water district contracts upon which the plaintiffs seek to rely. Plaintiffs assert that, "[b]ecause the plaintiffs within each of the four groups described all were injured by the breach of the same contract or series of contracts and all plaintiffs allege their respective contracts were breached by the same act of the United States, their respective claims arise out of the same transaction or occurrence." Pl. Mot. 4.

In Franconia Associates v. United States, 61 Fed. Cl. 335 (2004), this Court relied upon the Court's related cases rule, RCFC 40.2, to assist in the interpretation of RCFC 20(a) because both rules use the common term "same." As the Court observed, pursuant to RCFC 40.2(a)(1), cases may be directly related when the involve the same contract. 61 Fed. Cl. at 337. This Court has permitted joinder of plaintiffs that rely upon the same contract for their claims. E.g., Rochester Gas & Electric Corp. v. United States, 65 Fed. Cl. 431, 442-43 (2005); System Fuels, Inc. v. United States, 65 Fed. Cl. 163, 171 (2005); see Wolfchild v. United States, 72

[1] RCFC 20(a) provides, in part,

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Fed. Cl. 511, 517-18 (2006) (plaintiffs alleging breach of same fiduciary duty).

Plaintiffs here assert that each of the proposed cases includes only plaintiffs who base their claims upon the same contract, or in one instance, series of contracts. In these circumstances, the United States does not oppose plaintiffs' motion for joinder.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 353-0541
Fax (202) 305-7643

Attorneys for Defendant.

July 16, 2007

CERTIFICATE OF FILING

I hereby certify that on this 16th day of July 2007, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR JOINDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Kirk Manhardt